OPINION
Alfred Dean Steffen (hereinafter "Alfred")[1] appeals from a judgment of the Greene County Court of Common Pleas, Domestic Relations Division, which overruled his objection to a magistrate's decision and which adopted the magistrate's decision as the judgment of the court. For the reasons that follow, we will affirm, in part, and reverse, in part, the trial court's judgment and will remand this matter to the trial court for further proceedings consistent with this opinion. Alfred Dean Steffen and Barbara Louise Steffen (hereinafter "Barbara") were divorced in 1979. Paragraph 5 of the Judgment and Decree of Divorce stated as follows:
 Defendant [Alfred] shall provide an insurance policy in the amount of Fifty-Two Thousand ($52,000.00) Dollars on his life and payable to Plaintiff [Barbara] as beneficiary, shall supply evidence thereof as requested by Plaintiff, and shall keep same in full force and effect so long as he is required to pay alimony as set forth herein.
In 1995, Barbara and Alfred reached an agreement with respect to a motion to terminate or reduce spousal support that Alfred had filed. Pursuant to an Agreed Entry filed on October 25, 1995, the amount of Alfred's spousal support (formerly alimony) obligation was modified. In addition, the parties further agreed that "Paragraph #5 of the Final Decree regarding Life Insurance shall remain in effect."
On July 28, 1999, Barbara filed a "Motion to Show Cause" in which she asked the trial court to order Alfred to appear and show cause why he should not be held in contempt for failure to provide evidence that he was maintaining in force the required life insurance policy. On February 1, 2000, Barbara filed a motion in which she again asked the court to find Alfred in contempt for failure to provide evidence of the required life insurance policy. In addition, she moved for an order "[r]estraining the Defendant, Alfred D. Steffen, from removing, transferring or distributing those funds in the Payne Webber [sic] Retirement Account, . . ., to the extent of $52,000.00" and "[r]equiring the Defendant, Alfred D. Steffen, so long as he is alive and Plaintiff has not died or re-married, that he name as beneficiary the Plaintiff, Barbara L. Steffen, to the extent of $52,000.00 of his Payne Webber [sic] Retirement Account. . . ."
On February 10, 2000, the trial court's magistrate issued a Decision and Order continuing the matter at the request of counsel for both parties in order for Alfred "to obtain the proper life insurance coverage or otherwise secure the obligation owed to the Plaintiff [Barbara]." The magistrate's order further stated that Alfred was "restrained from transferring, spending, encumbering, or otherwise disposing of assets including but not limited to the Paine-Webber account. The Defendant [Alfred] will be permitted to spend funds from his assets for normal living expenses only."
Following a hearing on March 17, 2000, the magistrate issued a further Decision and Order on March 24, 2000. The magistrate found that Alfred had not provided Barbara with evidence that he was maintaining in force the required life insurance policy and that he currently did not have in force the required policy. The magistrate further found that Alfred had sufficient assets from which he could secure the $52,000.00 obligation, but had failed to do so. The magistrate recommended that the trial court find Alfred in contempt and that it impose a thirty-day jail sentence and $250.00 fine on him. The magistrate further recommended that Alfred be permitted to purge himself of the contempt by securing the $52,000.00 obligation to Barbara from his current assets or by providing the required life insurance policy.
In addition, the magistrate found that it was likely that Alfred would transfer or otherwise encumber assets he currently owned; thus, the magistrate recommended that the trial court issue an order to Alfred restraining him from transferring, encumbering, or otherwise disposing of any of his assets. The magistrate recommended that Alfred be permitted to use his assets to make monthly payments of spousal support to Barbara, but that no other use of his assets be permitted until further order of the court.
On April 6, 2000, Alfred filed a "Motion to Reconsider" the magistrate's decision. Specifically, Alfred objected to that portion of the magistrate's decision that restrained him from disposing of any of his assets, including his pension, except to pay his spousal support obligation. Alfred argued that his sole source of financial support was his pension, that he was in poor health, and that he required income to pay his health and other living expenses. Alfred argued that by withholding all income from him, the magistrate's order was arbitrary, unreasonable, and capricious (i.e., an abuse of discretion). Alfred asked the trial court to modify the magistrate's order by permitting him to "expend funds for `normal living' expenses including health care expenses."
The trial court treated Alfred's "Motion to Reconsider" as an objection to the magistrate's "Decision and Order" of March 24, 2000. The trial court overruled Alfred's objection and adopted the magistrate's decision and order as its own, stating that Alfred's "current state of health is precisely why the Magistrate issued the March 24th Decision and Order" and that Alfred's "remedy is clear, he can comply with the Magistrate's Decision and Order."
Alfred filed a timely notice of appeal and now presents two assignments of error for our review.
 FIRST ASSIGNMENT OF ERROR THE TRIAL COURT ERRED BY FINDING DEFENDANT-APPELLANT IN CONTEMPT FOR FAILING TO MAINTAIN LIFE INSURANCE WITH PLAINTIFF-APPELLEE AS BENEFICIARY, SAID ORDER BEING CONTRARY TO LAW.
In this assignment of error, Alfred argues that the provision in the divorce decree that required him to maintain a life insurance policy in favor of Barbara was an invalid provision that was contrary to law and that as a result, the trial court erred in finding him in contempt for having failed to comply with that provision.
Civ.R. 53(E)(3)(b) provides that "[a] party shall not assign as error on appeal the court's adoption of any finding of fact or conclusion of law [of the magistrate] unless the party has objected to that finding or conclusion under this rule." An exception to this rule exists in situations involving plain error. See Lookabaugh v. Lookabaugh (Dec. 18, 1998), Champaign App. No. 98-CA-17, unreported.
Thus, in order for Alfred to preserve for appellate review his claim that the life insurance provision in the divorce decree was unlawful, thereby precluding a finding of contempt against him, it was necessary for Alfred to object to the magistrate's decision and order on that basis. However, Alfred failed to raise that objection to the trial court and thus has waived his right to challenge the trial court's judgment on appeal, unless the trial court's judgment constitutes plain error.
Concerning plain error, the Supreme Court has stated:
 In appeals of civil cases, the plain error doctrine is not favored and may be applied only in the extremely rare case involving exceptional circumstances where error, to which no objection was made at the trial court, seriously affects the basic fairness, integrity, or public reputation of the judicial process, thereby challenging the legitimacy of the underlying judicial process itself.
Goldfuss v. Davidson (1997), 79 Ohio St.3d 116, 679 N.E.2d 1099, syllabus.
We do not find that the trial court committed plain error in finding Alfred to be in contempt of court for failing to comply with the divorce decree's provision concerning life insurance. The provision in the divorce decree that Alfred now challenges has operated in this case since 1979 and was re-affirmed by an agreed entry between the parties in 1995. Principles of res judicata preclude Alfred from now challenging the lawfulness of that provision. Moreover, we do not find the provision in question to be unlawful. This court has previously held that "[i]t is within the trial court's discretion to order that one spouse maintain a life insurance policy for the other spouse's benefit." Jump v. Jump (October 13, 1993), Montgomery App. Nos. 13714, 13965, unreported.
Alfred's first assignment of error is overruled.
 SECOND ASSIGNMENT OF ERROR THE ORDER OF THE TRIAL COURT PROHIBITING THE TRANSFER OR DISPOSAL OF ANY OF DEFENDANT-APPELLANT'S ASSETS WAS UNREASONABLE, ARBITRARY AND CAPRICIOUS CONSTITUTING AN ABUSE OF DISCRETION.
In this assignment of error, Alfred argues that the trial court abused its discretion in restraining him from disposing of any of his assets. Alfred argues that the court should have permitted him to use his assets to pay for his living expenses, including those expenses necessary to meet his medical needs. In addition, Alfred argues that the court's order was punitive as it restrained assets that had a value of five times the $52,000.00 obligation.
The parties agree that our review of this issue is on an abuse of discretion basis. An "abuse of discretion connotes more than an error of law or judgment; it implies that the court's attitude is unreasonable, arbitrary or unconsciousable." Blakemore v. Blakemore (1983),5 Ohio St.3d 217, 219.
We believe that the trial court abused its discretion in restraining Alfred from using his assets for any purpose other than to make monthly spousal support payments to Barbara. Alfred's obligation to Barbara that she sought to protect by instituting these contempt proceedings was for $52,000.00. Alfred apparently has assets in at least five times this amount. The court acted unreasonably in precluding Alfred from using his assets to meet his normal living expenses, but only to the extent that he was precluded from using for normal living expenses those assets that were in excess of those needed to secure his $52,000.00 obligation to Barbara.
The first $52,000.00 worth of Alfred's assets should be preserved for Barbara's benefit so as to protect and secure Alfred's $52,000.00 obligation to her. The trial court did not abuse its discretion in restraining Alfred from using for any purpose that portion of his assets totaling $52,000.00 in value. However, to the extent that Alfred's assets exceed $52,000.00 in value, we believe that Alfred should be permitted to use them to meet his normal living expenses, as well as his spousal support obligation to Barbara. Thus, to the extent that the trial court's order restrains Alfred from using for normal living expenses that portion of his assets that exceeds $52,000.00 in value, that order is an abuse of the trial court's discretion.[2] Accordingly, Alfred's Second Assignment of Error is overruled, in part, and sustained, in part.
 CONCLUSION
The judgment of the trial court will be affirmed, in part, and reversed, in part, and the matter will be remanded to the trial court for further proceedings consistent with this opinion. To the extent that the trial court's judgment entry precludes Alfred from using for normal living expenses (including medical expenses) that portion of his assets that exceeds $52,000.00 in value, it is reversed. However, to the extent that the trial court's judgment entry restrains Alfred from using for any purpose $52,000.00 worth of his assets, it is affirmed. Further, the trial court's judgment entry is affirmed in all other respects. Upon remand, the trial court should consider what other measures are necessary to enforce its contempt order.
FAIN, J. and GRADY, J., concur.
[1] For purposes of clarity, the parties will hereinafter be referred to by their first names.
[2] We believe that the first $52,000.00 of Alfred's assets should be preserved solely to secure the $52,000.00 obligation that Alfred has to Barbara as a result of Paragraph 5 of the parties' divorce decree. Payment by Alfred of his spousal support obligation to Barbara should come from his remaining assets or income.